IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN MENDEZ,
    Plaintiff,

v.

J. THOMAS, *et al.*,
    Defendants.

Civil Action No. 3:14-cv-1651

(Judge Mariani)

## **MEMORANDUM**

Plaintiff, Ryan Mendez, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the instant action pursuant to *Bivens*,[1] the Federal Tort Claims Act ("FTCA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. (Doc. 1). Named as Defendants are: J. Thomas, Former Warden at USP-Lewisburg; J. Butler, New Warden at USP-Lewisburg; Mr. Brown, Health Care Administrator at USP-Lewisburg; Kevin Pigos, Clinical Director at USP-Lewisburg; Mr. L. Potter, Nurse/ Paramedic at USP-Lewisburg; S. Dees, Nurse/ Paramedic at USP-Lewisburg; Andrew Edinger, Medical Doctor at USP-Lewisburg; Janet Shackelford, Medical Doctor at the Hazelton United States Penitentiary in Bruceton Mills, West Virginia ("USP-Hazelton"); Charles Samuels, Director of the Bureau of Prisons; and the Federal

---

[1] *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens*-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983. *See Paton v. LaPrade*, 524 F.2d 862 (3d Cir. 1975); *Farmer v. Carlson*, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988) (Nealon, J.).

Bureau of Prisons, Health Care Provider.[2] (*Id.*). Presently pending before the Court is Defendants' motion to dismiss or, in the alternative, for summary judgment. (Doc. 19). For the reasons set forth below, the motion will be granted.

## I. Motion to Dismiss Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those

---

[2] The complaint also names as Defendants three John Doe corrections officers at USP-Lewisburg. (Doc. 1). As discussed herein, these Defendants will be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

2

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment

3

would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. **Allegations of the Complaint**

The allegations giving rise to Plaintiff's complaint stem from his incarceration at USP-Lewisburg and USP-Hazelton. (Doc. 1). Plaintiff levels a series of constitutional, ADA, and Rehabilitation Act claims against prison officials involving retaliation, obstruction in filing administrative remedies, conditions of confinement, inadequate medical care, and cruel and unusual punishment. (*Id.*).

Initially, Plaintiff alleges that unnamed prison staff members at USP-Lewisburg "hindered and obstructed" his ability to file administrative remedies. (*Id.* at 15-16). He claims that these unnamed staff members retaliated against him, or threatened to retaliate against him, informed other inmates that he was a child molester and rapist, and refused to provide him pain medication. (*Id.*).

Plaintiff next alleges that Defendants Butler and Samuels placed him in a cell in the "G-unit" as punishment. (*Id.* at 18-19, 34-39). He alleges that he was confined in that unit for for seventeen (17) days. (*Id.*). Plaintiff asserts that the cell has inadequate ventilation, poor lighting, excessive heat, inadequate space, the toilet is "merely twelve inches from the bed" and did not accommodate disabilities, the sink buttons are difficult to use, there is no "duress button" in the cell, and the cell door is covered with a metal flap. (*Id.* at 18-19).

Plaintiff further alleges that, despite his disabilities, he was assigned to the top bunk and fell out of bed on several occasions. (*Id.* at 18).

Plaintiff further sets forth claims of inadequate medical care in violation of the Eighth Amendment. (*Id.* at 21-29). Specifically, Plaintiff alleges that Defendant Shackelford prescribed medication that did not treat his pain, and instead caused seizures and involuntary twitching. (*Id.* at 21-22). Plaintiff alleges that Defendant Potter, at the direction of Defendant Pigos, issued a false incident report charging Plaintiff with refusing to take his medication properly. (*Id.* at 23). He asserts that Defendant Pigos then discontinued his pain medication, Lyrica. (*Id.*). Plaintiff alleges that Defendants Pigos, Potter, and Brown engage in the common practice of issuing false reports against prisoners for misusing medication or ambulatory devices, and then discontinue the medication or confiscate the ambulatory devices. (*Id.* at 23-24). Plaintiff claims that the Defendants engage in these practices to save money. (*Id.*).

Next, Plaintiff alleges that three (3) John Doe Defendants, at the direction of Defendants Edinger, Thomas, Butler, and Pigos, placed him in a recreation cage with a known enemy inmate in retaliation for filing administrative remedies. (*Id.* at 28-29). Plaintiff alleges that he was forced to fight this inmate. (*Id.* at 29-30). As a result of the fight, Plaintiff alleges that he suffered minor bruises, pain in his hip, he was "tear-gassed", and forced to walk backwards. (*Id.*).

5

Subsequent to the "staged fight," Plaintiff alleges that Defendant Edinger recorded false statements in his medical file, stating that Plaintiff was able to walk backwards without any assistive device. (*Id.* at 30-31). Defendant Edinger therefore recommended that Plaintiff's cane be confiscated. (*Id.*).

Plaintiff also lodges claims against Defendants Samuels, Thomas, and Butler based on their supervisory roles. (*Id.* at 32-33). Lastly, Plaintiff alleges that the "Federal Bureau of Prisons Health Care Provider" is liable for engaging in a "history of abuse and unconstitutional violations." (*Id.* at 33).

For relief, Plaintiff seeks $5,000,000 in damages for his *Bivens* claim, $100,000 in damages for his FTCA claim, and $4,000,000 in punitive damages. (*Id.* at 9).

## III. Discussion

Defendants seek dismissal of the complaint on the following grounds: (1) the official-capacity claims are barred by sovereign immunity; (2) failure to exhaust his claims prior to filing suit; (3) improper joinder of unrelated allegations concerning an out-of-state defendant; (4) failure to establish personal jurisdiction over Defendants Samuels and Shackelford; and, (5) qualified immunity bars any claims, and plaintiff has failed to state a claim for relief. (Doc. 28). The Court finds that Defendants' argument regarding failure to exhaust is dispositive of the motion,[3] thus the alternative arguments need not be addressed.

---

[3] In *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit addressed the issue of whether the defendants in *Spruill* properly identified their motion as

6

## A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. See *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see also Booth*, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Federal Bureau of Prisons ("BOP") has an administrative remedy procedure through which inmates can seek formal review of an issue relating to any aspect of his or

---

one for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court noted that "[g]iven that the exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold that we may also consider these without converting it to a motion for summary judgment." *Id.* at 223 (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003)). *See also Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) ("In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss"); *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (motions to dismiss may be pursued on failure to exhaust grounds in certain circumstances). Accordingly, the records submitted by Defendants in support of their motion to dismiss are indisputably authentic records which may be considered by this Court without converting the motion to a motion for summary judgment.

her confinement. (Doc. 29, ¶ 2, citing 28 C.F.R. § 542.10 *et seq.*). In order to exhaust appeals under the administrative review procedure, an inmate must first informally present his complaint to staff, and staff is to attempt to resolve the matter. See 28 C.F.R. § 542.13. If the informal resolution is unsuccessful, then the inmate must execute the appropriate form to bring the matter to the attention of the warden, within twenty (20) calendar days of the date of the incident. If the inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director within twenty (20) calendar days. See 28 C.F.R. § 542.15. If the response of the Regional Director is not satisfactory, the inmate may then appeal to the General Counsel of the BOP within thirty (30) calendar days, which office is the final administrative appeal level in the BOP. No administrative appeal is considered to have been fully exhausted until considered by the BOP's General Counsel.

In this case, Defendants have identified a total of twenty-one (21) administrative remedies filed by Plaintiff during his incarceration with the BOP. (Doc. 29, ¶ 3; Doc. 29, Ex. 1, ¶ 9, Doc. 21, Ex. 1, Attach. A). Defendants note that some of those administrative remedies relate to the issues raised in the instant complaint. (Doc. 29, ¶ 4; Doc. 29, Ex. 1, ¶ 10). However, none of these administrative remedies were fully exhausted by Plaintiff before proceeding into Federal Court. Instead, the administrative remedies were abandoned by Plaintiff at various stages of the administrative process.

On June 2, 2014, Plaintiff filed Administrative Remedy No. 781312-F1, at the

institution level, requesting to be placed back on the medication Lyrica. (Doc. 29, ¶ 5; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 8). The remedy was rejected for not including a copy of the informal remedy response. (Doc. 29, ¶ 6; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 8). Plaintiff corrected this error and then filed Administrative Remedy No. 781312-F2, at the institution level, again requesting the medication Lyrica. (Doc. 29, ¶ 7; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 8). On June 12, 2014, this remedy was denied by the warden. (Doc. 29, ¶ 8; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 8). On June 19, 2014, Plaintiff appealed this denial to the regional level, designated as Administrative Remedy No. 781312-R1. (Doc. 29, ¶ 9; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 9). On June 23, 2014, Administrative Remedy No. 781312-R1, was rejected by the Northeast Regional Office for failure to submit complete and legible copies of the appeal. (Doc. 29, ¶ 10; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 9). Plaintiff was directed to resubmit his appeal in proper form within ten (10) days of the date of the rejection notice. (Doc. 29, ¶ 11; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 9). On July 9, 2014, Plaintiff resubmitted an appeal to the regional level, designated as Administrative Remedy No. 781312-R2. (Doc. 29, ¶ 12; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 10). On August 8, 2014, the Northeast Regional Director denied this appeal. (Doc. 29, ¶ 13; Doc. 29, Ex. 1, ¶ 11; Doc. 29, Ex. 1, Attach. A, p. 10). There is no record that Plaintiff appealed the Regional Director's decision to the Central Office. (Doc. 29, ¶ 14;

Doc. 29, Ex. 1, ¶ 12; Doc. 29, Ex. 1, Attach. A).

On June 24, 2014, Plaintiff filed Administrative Remedy No. 784224-F1, at the institution level, requesting the return of his walking cane. (Doc. 29, ¶ 15; Doc. 29, Ex. 1, ¶ 13; Doc. 29, Ex. 1, Attach. A, p. 9). On July 2, 2014, the warden denied this administrative remedy. (Doc. 29, ¶ 16; Doc. 29, Ex. 1, ¶ 13; Doc. 29, Ex. 1, Attach. A, p. 9). On July 16, 2014, Plaintiff filed an appeal to the regional level, designated as Administrative Remedy No. 784224-R1, again requesting the return of his walking cane. (Doc. 29, ¶ 17; Doc. 29, Ex. 1, ¶ 14; Doc. 29, Ex. 1, Attach. A, p. 10). This appeal was denied by the Regional Director on August 15, 2014. (Doc. 29, ¶ 18; Doc. 29, Ex. 1, ¶ 14; Doc. 29, Ex. 1, Attach. A, p. 10). There is no record of Plaintiff appealing that decision to the Central Office. (Doc. 29, ¶ 19; Doc. 29, Ex. 1, ¶ 15; Doc. 29, Ex. 1, Attach. A).

Defendants contend that Plaintiff filed no administrative remedy requests regarding his claims of retaliation, conspiracy, cruel and unusual punishment, excessive force, and inhumane conditions of confinement. (Doc. 29, ¶ 20; Doc. 29, Ex. 1, ¶ 16; Doc. 29, Ex. 1, Attach. A). Rather, the only other issues raised in Plaintiff's administrative remedies relate to disciplinary hearing appeals. (*Id.*).

In an attempt to excuse the exhaustion requirement, Plaintiff argues that Defendants hindered and obstructed his efforts to utilize the administrative review process. (Doc. 1 at 3, 9, 15-16; Doc. 40 at 6-8). Courts have held that affirmative misconduct by prison

officials, designed to impede or prevent an inmate's attempts to exhaust, may render administrative remedies unavailable. *See Todd v. Benning*, 173 Fed. App'x 980, 982-83 (3d Cir.2006) (expressing approval of Eighth Circuit's holding in *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) that administrative remedies were not available where prison officials "purportedly prevented prisoner from employing the prison's grievance system"). An inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Davis v. Warman*, 49 Fed. App'x 365, 368 (3d Cir. 2002); *see also Brown v. Croak*, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that the prisoner was entitled to rely on instruction by prison officials to wait for the outcome of internal security investigation before filing a grievance); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000) (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and uncontradicted correctional officers impeded filing of grievance). Case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." *Davis*, 49 Fed. App'x at 368.

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances, inmate requests to excuse failure to exhaust are frequently rebuffed by the courts. For example, an inmate cannot excuse a failure to timely comply with these grievance procedures by simply claiming that his efforts

constituted "substantial compliance" with this statutory exhaustion requirement. *Harris v. Armstrong,* 149 Fed. App'x 58, 59 (3d Cir. 2005). Nor can a prisoner avoid the exhaustion requirement by merely alleging that the prison policies were not clearly explained to him. *Davis,* 49 Fed. App'x at 368; *see also Casey v. Smith,* 71 Fed. App'x 916 (3d Cir. 2003) (an inmate's confusion regarding these grievances procedures does not, standing alone, excuse a failure to exhaust). Additionally, an inmate cannot cite to alleged staff impediments to grieving a matter as grounds for excusing a failure to exhaust, if it also appears that the prisoner did not pursue a proper grievance once those impediments were removed. *Oliver v. Moore,* 145 Fed. App'x 731 (3d Cir. 2005) (finding that the failure to exhaust not excused if, after staff allegedly ceased efforts to impede grievance, prisoner failed to follow through on grievance).

In the instant action, Plaintiff failed to exhaust his administrative remedies with respect to the claims raised in the complaint. While Plaintiff attempts to place responsibility for his failure to exhaust at the hands of prison officials, his efforts in this regard are unavailing. Plaintiff simply has not shown that "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Davis,* 49 Fed. App'x at 368. Quite the contrary, Plaintiff's ability to file twenty-one (21) grievances and numerous appeals during his incarceration with the BOP rebuts any claim that extraordinary impediments were placed in his path by prison officials. Plaintiff's claim that

he was provided with all administrative remedy forms, except those for the Central Office appeal, is questionable at best. Plaintiff has pursued administrative remedies, but has abandoned his claims without completing the administrative review process. Such conduct plainly does not serve to excuse a failure to exhaust administrative remedies. *See Banks v. Roberts*, No. 1:06-CV-1232, 2007 WL 1574771, at *5 (M.D. Pa. 2007) (holding that while the plaintiff alleged that the defendants "obstructed" his efforts to pursue administrative remedies by refusing to provide proper forms and instructing others not to provide the necessary forms, the grievance process was available to him, and therefore, plaintiff's claim was procedurally defaulted for failure to comply with the process); *Nyhuis*, 204 F.3d at 71 (stating that there is no futility exception to the exhaustion requirement under any circumstances). It is clear that Plaintiff failed to exhaust administrative remedies before initiating the instant action. In light of his failure to properly exhaust all claims, the complaint will be dismissed. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (mandating complete exhaustion of all administrative remedies before filing suit); *see also Rivera v. Pa. Dep't of Corr.*, 388 Fed. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies *prior* to filing a civil action in federal court.") (emphasis added).

### B. Exhaustion of Administrative Tort Claim

The FTCA allows federal prisoners to pursue lawsuits against the United States in an effort to recover for personal injuries sustained during confinement by reason of negligence

of government employees. *See Berman v. United States*, 205 F. Supp. 2d 362 (M.D. Pa. 2002) (Nealon, J.) (citing *United States v. Muniz*, 374 U.S. 150 (1963); 28 U.S.C. §1346(b)). The primary purpose of the FTCA is to "remove sovereign immunity of the United States from suits in tort, and with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Id.* (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962); 28 U.S.C. §1346(b)).

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency. The FTCA provides:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing *McNeil v. United States*, 508 U.S. 106, (1993); *Wujick v. Dale & Dale*, 43 F.3d 790, 793-94 (3d Cir. 1994)).

Moreover, a claimant must abide by the strict time requisites codified in 28 U.S.C. § 2401(b) or its tort claim under the FTCA will be "forever barred."[4] *See Bialowas v. United*

---

[4] Title 28 United States Code section 2401(b) provides:

*States*, 443 F.2d 1047, 1049 (3d Cir. 1971). To sue the United States in district court and avoid violating the FTCA's express statute of limitations, a plaintiff must present the tort claim "in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b); *see also Bialowas*, 443 F.2d at 1049. Section 2401's "time bar is strictly construed." *Brown v. Camden County Counsel*, 2010 U.S. App. LEXIS 9826, *6 (3d Cir. 2010) (citing *Livera v. First Nat. State Bank of N.J.*, 879 F.2d 1186, 1195 (3d Cir. 1989)).

In the instant action, Defendants indicate that Plaintiff filed two (2) administrative tort claims during his incarceration with the BOP. (Doc. 29, ¶ 21; Doc. 29, Ex. 1, ¶¶ 17-18; Doc. 29, Ex. 1, Attachs. B, C). Only one of those administrative tort claims relates to the issues raised in Plaintiff's complaint. (Doc. 29, ¶ 22; Doc. 29, Ex. 1, ¶ 19; Doc. 29, Ex. 1, Attach. B). Plaintiff filed an administrative tort claim with the BOP regarding the medical care provided to him by Defendant Shackelford at USP-Hazelton. (Doc. 29, ¶ 22; Doc. 29, Ex. 1, ¶ 19; Doc. 29, Ex. 1, Attach. B). This claim was still pending, and thus unexhausted, at the time of the filing of this lawsuit. (Doc. 29, ¶ 23; Doc. 29, Ex. 1, ¶ 20 (Declaration of Attorney

---

[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

15

Advisor for the United States Department of Justice, Bureau of Prisons) (Plaintiff's administrative tort claim "is still under investigation and no decision has been rendered by the Mid-Atlantic Regional Office")).

As is apparent from the record before the Court, Plaintiff failed to exhaust his administrative tort claim remedies, and his FTCA claim is therefore barred. *See Lightfoot v. United States*, 564 F.3d 625, 626-27 (3d Cir. 2009) (affirming the district court's dismissal of an FTCA claim for failure to timely and properly present administrative remedy).

## IV. Federal Rule of Civil Procedure 4(m)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Defendants John Doe corrections officers 1, 2, and 3 have never been properly identified or served in this case, nor have they had an attorney enter an appearance on his or her behalf. These Defendants were named in the complaint filed on August 25, 2014. More than a year has passed since such time, and it appears that Plaintiff has abandoned the action against these Defendants. As a result, these unnamed John Doe Defendants will be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

as they have not been served within 120 days of the date on which they were named as Defendants in this case.

## V. Conclusion

For the reasons set forth above, Defendants' motion to dismiss will be granted. (Doc. 19). An appropriate Order shall issue.

Date: September 29, 2015

Robert D. Mariani
United States District Judge